NOT FOR PUBLICATION                                [Docket No. 79]

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

```
_____

LISA EVANS,                    :
                               :
           Plaintiff,          :   Civil Action No. 03-4915 (RMB)
                               :
      v.                       :   OPINION
                               :
EMPLOYEE BENEFIT PLAN,         :
CAMP DRESSER & MCKEE, INC.,    :
et al.,                        :
                               :
           Defendants.         :
_____
```

Appearances:

Lisa Evans
2204 Wimbledon Way
Blackwood, NJ 08012
     Plaintiff Pro Se

Patrick G. Brady
McElroy Deutsch Mulvaney & Carpenter, LLC
100 Mulberry Street
Newark , NJ 07102
     Attorney for the McKee, Inc. Defendants

Randi F. Knepper
McElroy Deutsch Mulvaney & Carpenter, LLC
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962
     Attorney for the Metropolitan Life Ins. Co. Defendant


**BUMB**, United States District Judge:

     Presently before the Court is Plaintiff Lisa A. Evans'

1

appeal of a decision, dated November 13, 2006, by United States Magistrate Judge Joel Schneider.  Specifically, Plaintiff appeals Judge Schneider's discovery Orders (1) denying Plaintiff's request for certified discovery requests as moot; (2) denying Plaintiff's request that Defendants check the accuracy of certain documents as moot; and (3) denying Plaintiff's request for clarifying information to a certain code, "6TKL," as moot.  For the reasons that follow, the Court will deny Plaintiff's appeal.

**Standard of Review:**

   The facts of this case have been presented in prior docketed entries and thus, the Court will not repeat them here.  Suffice it to say that this case has had many discovery disputes.  Plaintiff has filed approximately thirteen applications related to discovery, and this is not the first appeal of a Magistrate's order the Plaintiff has filed.

   This Court has appellate review over the Opinions and Orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Rule 72.1(c) of the Local Rules of the United States District Court for the District of New Jersey.  Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a "clearly erroneous or contrary to law" standard for non-dispositive matters, and (2) <u>a de novo</u> standard for

dispositive matters.  Nat'l Labor Relations Board v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992).  Rulings on discovery motions, like the ones at issue in the present appeal, are considered non-dispositive matters subject to the clearly erroneous standard of review.  Jackson v. Chubb Corp., 45 Fed. Appx. 163, 166 n.7 (3d Cir. 2002).

A ruling is clearly erroneous when, "although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); South Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 21 (D.N.J. 1988), aff'd, 993 F.2d 878 (3d Cir. 1993).  The party filing the appeal has the burden of demonstrating that the magistrate's decision was clearly erroneous or contrary to law.  Exxon Corp. v. Halcon Shipping Co., Ltd.,, 156 F.R.D. 589, 591 (D.N.J. 1994).  Unless that burden is met, the magistrate judge's findings should not be rejected even if the district court could have decided the matter differently.  Andrews v. Goodyear Tire & Rubber, Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) (a district judge's "simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review"); Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994).  Moreover, there is particularly broad deference given to a magistrate judge's

3

discovery rulings, especially when the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. <u>Engers v. AT&T Corp</u>., 2006 U.S Dist. LEXIS 23028 at *5-6 (D.N.J. Apr. 7, 2006) (citing <u>Lithuanian Commerce Corp., Ltd v. Sara Lee Hosiery</u>, 177 F.R.D. 205, 214 (D.N.J. 1997) (internal quotation omitted)).

**Discussion:**

On July 20, 2006, United States Magistrate Joel B. Rosen, now retired, entered an order, which provided as follows:

> **ORDERED** that the following discovery shall be completed **no later than September 30, 2006**: (1) the defendants shall attempt to contact the two additional former employees referenced in the entries that use the term "HRR;" if counsel cannot locate these two former employees, counsel shall so certify to the plaintiff; and counsel shall provide the last known address of these former employees to the plaintiff; (2) the defendants shall provide the plaintiff with a supplemental response to its description of the code "6TKL;" and (3) the defendants shall provide a narrative response to interrogatory no. 6. **No further discovery shall be permitted**;
>
> IT IS FURTHER **ORDERED** that the parties shall serve and file their dispositive motions **no later than November 3, 2006**. . . .

(emphasis added).

In addition, by Order entered July 20, 2006, Judge Rosen ordered that any application for an extension

4

> shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under Fed. R. Civ. P. 16(b), and whether adversary counsel agree with the application.  The schedule set herein will not be extended unless good cause is shown.

All of the additional discovery required by Judge Rosen's July 20, 2006, Order pertained to the "Diary Review Report" contained in MetLife's records.  The Diary Review Report sets forth all activities conducted by MetLife with respect to the claim at issue in this case.  MetLife previously provided translations of all abbreviations and codes utilized in the Diary Review Report with the exception of the abbreviation "HRR."  The individual who utilized this abbreviation was no longer employed by MetLife and could not be located.  The July 20, 2006, Order thus required that: (1) MetLife attempt to contact two other former employees to determine whether they could discern the meaning of the abbreviation or if <u>counsel</u> could not locate them, "<u>counsel</u> shall so certify" [emphasis added]; (2) MetLife attempt to further define the abbreviation "6TKL;" and (3) MetLife put in narrative form the headers utilized in the Diary Review Report.

On October 26, 2006 (Docket No. 72), Plaintiff filed a motion before United States Magistrate Joel Schneider seeking, <u>inter alia</u>, to compel the Defendants to comply with the July 20, 2006, Order.  The Defendants responded that they had complied.  Judge Schneider agreed.  By Order dated November 13, 2006, Judge

Schneider ordered that dispositive motions be filed on or before December 1, 2006, and that MetLife provide a legible copy of the Diary Review Report via overnight delivery.  Judge Schneider denied all additional discovery requests made by Plaintiff.  On November 27, 2006, Plaintiff filed a motion to stay the dispositive motion Order and appealed seeking the following discovery that was denied by Judge Schneider (as detailed in Judge Schneider's November 13, 2006 Order):

1. a certification by a representative of, not counsel to, MetLife;

2. that MetLife be ordered to check the accuracy of its response to interrogatory number 6; and

3. that she be permitted additional discovery with respect to records received by MetLife with respect to Dr. Gross.

Judge Schneider's Order held that MetLife complied with Judge Rosen's July 20, 2006, Order, in providing its supplemental responses to Evans' discovery requests.  This Court has reviewed the supplemental discovery responses contained as Exhibits to Defendant Metroplitan Life Insurance Company's opposition papers [Docket No. 73], as compared to Judge Rosen's Order, and concludes that Judge Schneider correctly held that MetLife was in complete compliance with Judge Rosen's Order.  Judge Rosen did not order MetLife to certify the supplemental discovery responses; his Order merely required certification from counsel

for MetLife.  In MetLife's original discovery responses, id. at Exhibit K, MetLife provided a translation of every abbreviation utilized in the Diary Review Reports, with the exception of HRR, for which it could not obtain a translation.  The narrative provided was prepared by counsel for MetLife, based upon the translations previously provided by MetLife.  Accordingly, certification by an individual with relevant knowledge was a certification of counsel, which had already been provided.

Finally, Evans' request for additional discovery relating to Dr. Gross is in violation of Judge Rosen's July 20, 2006 Order, which provided **no further discovery will be permitted**.  Plaintiff has provided no justification for why she should be provided this additional discovery at this late date.  In short, Plaintiff has failed to demonstrate that the Order denying this request, prohibited by Judge Rosen's July 20, 2006, Order, was clearly erroneous.

**Conclusion:**

For the foregoing reasons, this Court will deny Plaintiff's Appeal of Judge Schneider's Order of November 13, 2006.

An accompanying Order will issue this date.

Dated: January 8, 2007              s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge